### McCARTER v SNORP et

Ohio Appeals, 2nd Dist, Darke Co
No. 383.   Decided May 21, 1931

Alvin North and Joseph Sharts, Dayton, for McCarter.

Geo. A. Jobes and Marion Murphy, T. A. Billingsley and J. H. Brumbaugh, Greenville, for Snorp et.

BY THE COURT:

The amended petition in this case avers that the plaintiffs made a loan from Village S. Marker in his life time and executed their notes and mortgage for the sum of $3200.00; that Village S. Marker sold the note and mortgage to Mary C. Swartzel, but that Village S. Marker continued to act as the agent of Mary C. Swartzel; that Village S. Marker thereafter died and that Albertus T. Marker was appointed his administrator; that partial payments were made on the note and mortgage by the plaintiffs to the defendant, Albertus T. Marker; that the plaintiffs were ignorant of the transfer and assignment of said notes and mortgage and continued to make payments thereon to Albertus T. Marker in the sum of $1875.00; that the plaintiffs were compelled to pay the full amount of the notes and mortgage as originally executed to Mary C. Swartzel and they bring this suit to recover of Albertus T. Marker as administrator upon his official bond. The case was disposed of in the Court of Common Pleas upon demurrer to the amended

petition the court holding in favor of the sureties on the bond.

We have carefully examined the averments of the amended petition. This case is the most doubtful one among the Marker cases.

We, however, reach the conclusion that the judgment below must be affirmed, for the reasons (1) that there is a lack of averment of a demand or its equivalent upon the said Albertus T. Marker as administrator (2) that there was a failure to aver in the amended petition that there was any proceedings in the Probate Court upon the plaintiffs' claim against the administrator or that any order was made in the Probate Court in favor of plaintiff and against the said Marker. The judgment of the Court of Common Pleas is therefore affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.